UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MACHEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL,<br><br>　　　　Respondent. | No. 2:13-cv-1170 MCE CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the court is respondent's July 26, 2013 motion to dismiss the petition as untimely filed. (ECF No. 10.) Petitioner has filed an opposition to the motion. (ECF No. 15.) For the reasons set forth below, the court will recommend that respondent's motion be granted.

BACKGROUND

On February 8, 2002, petitioner pled no contest to charges that he caused corporal injury to a cohabitant (Cal. Penal Code[1] § 273.5(a)) and made criminal threats (§ 422). He also admitted to two prior "strikes" under California's Three Strikes Law (§ 1170.12). (Lod. Docs. 9, 10.[2]) On June 17, 2002, he was sentenced to a state prison term of twenty-five years to life. (Lod. Doc. 10.)

---

[1] Statutory references are to the California Penal Code unless otherwise indicated.

[2] Lodged documents refer to documents lodged by respondent on July 30, 2013. (ECF No. 12.)

1

The Court of Appeal, Third Appellate District affirmed the judgment on September 11, 2003. (See Lod. Doc. 1 at 1.) On October 20, 2003, petitioner sought review in the California Supreme Court, which was summarily denied on November 25, 2003. (Lod. Docs. 1, 2.)

Petitioner subsequently filed three pro se state post-conviction collateral challenges with respect to the judgment, all petitions for writs of habeas corpus[3]:

<u>The First Petition</u>

November 21, 2012: Petition for writ of habeas corpus filed in Shasta County Superior Court (Lod. Doc. 3);

December 12, 2012: Petition denied, with citations to In re Clark, 5 Cal. 4th 750, 765 n.5 (1993); In re Swain, 34 Cal. 2d 300, 302 (1949)[4] (Lod. Doc. 4).

<u>The Second Petition</u>

February 4, 2013: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 5);

February 14, 2013: Petition summarily denied (Lod. Doc. 6).

<u>The Third Petition</u>

February 26, 2013: Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 7); and

May 1, 2013: Petition denied, citing In re Robbins, 18 Cal. 4th 770, 780 (1998) (Lod. Doc. 8).

Petitioner constructively filed the instant federal action on June 7, 2013. (ECF No. 1.)

/////

---

[3] The filing dates of these petitions have been determined per the mailbox rule. "Under the mailbox rule, a prisoner's pro se habeas petition is 'deemed filed when he hands it over to prison authorities for mailing to the relevant court.'" Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4] The superior court cited Clark and Swain in support of the following statement: "[T]he petitioner was convicted in 2002. Has not explained why he has delayed seeking relief for 10 years. Such an unjustified delay bars consideration of this claim."

## STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v.Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between

/////

3

petitions are "reasonable."  See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

## ANALYSIS

I. Commencement of the Running of the Limitation Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari.  Wixom, 264 F.3d at 897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, the California Supreme Court denied review of petitioner's appeal on November 25, 2003.  The time to seek direct review ended on February 23, 2004, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired.  Rules of the Supreme Court of the United States, Rule 13.1.  The one-year limitations period commenced the following day, February 24, 2004.  28 U.S.C. § 2244(d)(1); Fed. R. Civ. P. 6(a).  Thus the last day to file a federal petition was February 23, 2005, plus any time for tolling.

In his opposition to the motion, petitioner contends that the one-year AEPDA clock did not start running until he was supplied with a copy of the sealed transcript of an October 9, 2001 hearing in the Shasta County Superior Court.  This in camera hearing was on petitioner's motion to substitute counsel pursuant to People v. Marsden, 2 Cal. 3d 118 (1970) ("Marsden motion"), which was denied by the trial court prior to petitioner's preliminary hearing.  (See ECF No. 15, Attachment B.)  In 2007, petitioner received a copy of his trial transcripts from the investigator in his case.  At some point he discovered that the transcript for the Marsden hearing was missing.  On September 27, 2010, he wrote to his appellate counsel seeking a copy of the Marsden transcript.  (Id., Attachment C.)  On October 4, 2011, the Shasta County Superior Court issued a

4

minute order stating that, as the sealed <u>Marsden</u> transcript was never made part of the appellate record and petitioner had requested a copy, the court reporter was to provide a sealed transcript to petitioner. (<u>Id.</u>, Attachment A.) Petitioner argues that his receipt of this transcript on October 24, 2011 means that he had until October 24, 2012 to file a federal petition.

A. <u>Factual Predicate</u>

Petitioner makes two related arguments on this basis. First, under § 2244(d)(1)(D), AEDPA's statute of limitations begins to run when the petitioner knows or through diligence could discover the important facts, not when petitioner discovers their legal significance. <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 & n. 3 (9th Cir. 2001). In the instant petition, petitioner asserts two claims: First, the trial court improperly failed to provide him with a transcript of 2001 <u>Marsden</u> hearing until years after the trial[5]; and second, petitioner's trial counsel was ineffective in representing him. (ECF 1 at 4.)

Courts in similar cases have rejected the argument that the AEDPA clock starts running when petitioner receives a transcript of a court proceeding at which he was present. <u>See, e.g.</u>, <u>Fuschak v. Dickinson</u>, 2012 WL 78473 at *2 (N.D. Cal. 2012), citing <u>United States v. Battles</u>, 362 F.3d 1195, 1198 (9th Cir. 2004) (§ 2255 petition) (even though petitioner did not have access to trial transcripts, the facts supporting claims which occurred at the time of his conviction could have been discovered if he "at least consult[ed] his own memory of the trial proceedings"; because he did not do so, he did not exercise due diligence and was not entitled to a delayed start of the limitations period under § 2255(4)). Petitioner was present at the <u>Marsden</u> hearing in October 2001, and any events at the hearing related to his ineffective assistance claim were

---

[5] The Supreme Court has held that "the State must . . . provide indigent prisoners with the basic tools of an adequate defense or appeal[.]" <u>Britt v. North Carolina</u>, 404 U.S. 226, 227 (1971). In <u>Griffin v. Illinois</u>, the Court held that "[d]estitute defendants must be afforded as adequate [an] appellate review as defendants who have money enough to buy transcripts." 351 U.S. 12, 19 (1956). Therefore, a trial court's denial of a transcript may entitle a petitioner to habeas relief, but only if the denial had a "substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 623 (1993); <u>see, e.g.</u>, <u>Miers v. Mendoza-Powers</u>, No. 2:07-cv-441-FVS, 2010 WL 3619458, at **9-10 (E.D. Cal. Sept. 13, 2010) (petitioner not entitled to habeas relief as a result of trial court's failure to provide copy of trial transcript or failure of petitioner's counsel to request the transcript). Here, petitioner is plainly not entitled to habeas relief on his transcript claim, as there is no allegation that petitioner ever requested, or was denied, a copy of the <u>Marsden</u> transcript when it might have had some bearing on his 2001 plea or subsequent appeal. Thus the court considers the timeliness of his second claim only.

known to him at that time. As petitioner knew or should have known the factual predicate of his claim before he received the hearing transcript, he is not entitled to a delayed start date of the AEDPA limitations period under § 2244(d)(1)(D).

B. <u>State-Created Impediment</u>

Petitioner also argues that the trial court's failure to provide the <u>Marsden</u> transcript was a "state-created impediment" to seeking federal habeas relief. In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. §2244(d)(1)(B). A claim under this provision "must satisfy a far higher bar than that for equitable tolling." <u>Ramirez v. Yates</u>, 571 F.3d 993, 1000 (9th Cir. 2009). On its face, § 2244(d)(1)(B) applies only to impediments created by state action that violate the Constitution or laws of the United States. <u>Id.</u>; <u>Shannon v. Newland</u>, 410 F.3d 1083, 1088 n. 4 (9th Cir. 2005). Moreover, the petitioner will be entitled to the commencement of a new limitations period under §2244(d)(1)(B) only if the impediment "altogether prevented him from presenting his claims in any form, to any court." <u>Ramirez</u>, 571 F.3d at 1000. "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." <u>Bryant v. Arizona Atty. Gen.</u>, 499 F.3d 1056, 1060 (9th Cir. 2007) (citing <u>Gaston v. Palmer</u>, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended by 447 F.3d 1165 (9th Cir. 2006), and <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001)).

Here, even if the trial court's failure to provide the <u>Marsden</u> transcript could be considered "State action" for purposes of § 2244(d)(1)(B), petitioner has failed to show that such action was "in violation of the Constitution or laws of the United States" or that it prevented petitioner from filing a habeas petition in any form in any court. <u>Ramirez</u>, 571 F.3d at 1001 (difficulty in obtaining files and materials did not altogether prevent petitioner from presenting claims); <u>see also</u> <u>Lloyd v. Van Natta</u>, 296 F.3d 630, 633 (7th Cir. 2002) (failure to provide petitioner with complete transcript did not prevent him from filing federal petition because transcript was not needed to raise claim in federal petition). As lack of the <u>Marsden</u> transcript was not an

6

impediment that prevented petitioner from filing a state or federal petition, he does not meet the high bar for a later commencement of the AEDPA limitations period under §2244(d)(1)(B).

Thus, as set forth above, the last day to file a federal petition was February 23, 2005 and, absent tolling, the petition is untimely.

II. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

State time limits are conditions to filing which render a petition not properly filed. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). When a state court rejects a petition for post-conviction relief as untimely, the petition is not a "properly filed" application for post-conviction or collateral review within the meaning of § 2244(d)(2), and thus it does not toll the running of the limitation period. Id.

Here, petitioner filed three state post-conviction collateral challenges between November 2012 and February 2013, as described above. His petitions to the Shasta County Superior Court and California Supreme Court were expressly denied as untimely.[6] (Lod. Docs. 10, 14.) Thus, these state habeas petitions were not "properly filed" so as to toll the running of the limitations period.

In addition, all three state petitions were filed after the one-year statutory limitations period ended on February 23, 2005. The tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, petitioner's three state habeas petitions, all of which were filed after the AEDPA deadline, cannot toll the running of the already-run statute, and petitioner is not entitled to

---

[6] The California Supreme Court's citation to In re Robbins, 18 Cal. 4th 770, 780 (1998) indicates that it found the petition untimely. See Walker v. Martin, 131 S. Ct. 1120, 1128-1129 (2011).

statutory tolling.

III. Equitable Tolling

Petitioner argues that he is entitled to equitable tolling of the limitations period for his ineffective assistance claim. The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give rise to tolling. Id. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1 993).  Here, in light of the allegations discussed above, the undersigned finds no reason to grant equitable tolling.  In sum, because tolling does not apply and the petition was filed more than eight years after the AEDPA deadline, the petition should be dismissed as untimely.

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition for untimeliness (ECF No. 10) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 23, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
mach1170.mtd